```
UNITED STATES BANKRUPTCY COURT           NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:                              :
                                    :    Chapter 11
    TELIGENT, INC.                  :    Case No.01-12974 (SMB)
                                    :
                Debtor.             :
------------------------------------X
SAVAGE & ASSOCIATES, P.C.,          :
Unsecured Claims Estate             :
Representative,                     :
                                    :
                Plaintiff,          :
                                    :    Adv. Pro. No.: 03-03360
        --against--                 :
                                    :
COUNTY OF FAIRFAX, VIRGINIA,        :
                                    :
                Defendant.          :
------------------------------------X
```

**OPINION DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**A P P E A R A N C E S:**

SAVAGE & ASSOCIATES, P.C.
Attorneys for Plaintiff
56 Lafayette Avenue
White Plains, New York 10603

    Denise L. Savage, Esq.
    Michael K. Gertzer, Esq.
        Of Counsel


DAVID P. BOBZIEN
County Attorney
Co-Counsel for Defendant
12000 Government Center Pkwy., Suite 549
Fairfax, Virginia 22035

    Nancy F. Loftus, Esq.
    Assistant County Attorney
        Of Counsel

MICHAEL G. McAULIFFE, ESQ.
Co-Counsel for Defendant
48 South Service Road
Suite 102
Melville, New York 11747


**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

The plaintiff, the Unsecured Claim Estate Representative under the debtor's confirmed plan, brought this adversary proceeding to avoid and recover three tax payments aggregating $318,561.39 (the "Payments") that were made within 90 days of the petition date. The defendant, Fairfax County, Virginia (the "County"), essentially argues that it received the Payments as the agent or arm of the Commonwealth of Virginia ("Virginia"), and moved for summary judgment based on sovereign immunity.  As the County has failed to demonstrate that it acted as an arm of the state, its motion is denied.


### BACKGROUND

Teligent, the debtor, was engaged in the telecommunications business in Virginia where it owned property.  As a public service corporation under Virginia law, it was subject to a specific Virginia property tax scheme based on the value of the property. Each year, Teligent filed an annual report identifying the property it owned in Virginia, giving its location on a county-by-county basis.  See VA. CODE ANN. § 58.1-2628 (Westlaw 2005).  The Virginia

State Corporation Commission (the "Commission"), a state agency, then assessed "the value of the reported property subject to local taxation." Id., § 58.1-2633. The corresponding property taxes had to be paid into the state treasury. Id., § 58.1-2611(A); cf. id., § 58.1-2663 (requiring the payment of revenue taxes into the state treasury).

Teligent filed an annual report in accordance with this statutory scheme for the tax year 2000. (See Affirmation *[sic]* [of Vins T. Masa] of Material Facts of Fairfax County, Virginia, sworn to Apr. 7, 2005 ("Masa Affirmation"), Ex. G)(ECF Doc. # 31). The Commission issued a "Statement Showing the Equalized Assessed Value," dated as of Jan. 1, 2000, (see id.), and Teligent was billed $281,377.74, apparently by the County, based on the portion of the taxes attributable to the property located in the County. (Id., Ex. J.) The payment was due by February 15, 2001. (See id.).[1]

Teligent made three payments to the County within 90 days of the petition date: (1) $7,126.89; (2) $281,377.74; and (3) $30,056.77. According to the County, the first payment related to a Business, Professional and Occupation License tax, due March 1,

---

[1] The County also provided comparable information for 1998 and 1999. (See Masa Affirmation, Exs. E, F, H, I.) This was apparently done for illustrative purposes. The County does not contend that the Payments relate to these taxes.

3

2001.  (Masa Affirmation, at ¶ 2.)  The two larger payments covered the 2000 public service corporation taxes.  (id., at ¶¶ 3-4.)  In fact, the largest payment ($281,377.74) is in the same amount as the 2000 assessment.

The plaintiff, acting pursuant to the authority vested in her under Teligent's confirmed plan, brought this preference action to avoid and recover the Payments.  The County contends that the first payment is no longer in issue, and the plaintiff is barred under the doctrine of state sovereign immunity, enshrined in the Eleventh Amendment to the United States Constitution, from pursuing her claim.

Last year, the County moved to dismiss the complaint on sovereign immunity grounds.  While the County's lawyers stated that the County was collecting the taxes for Virginia, they failed to provide any evidence to support this assertion, or identify any statute or regulation that authorized or directed the County to act as a collection agent for the state.  In ruling on the motion, I suggested that the County could not and would not collect state taxes in the absence of an authorizing statute or regulation. Accordingly, I directed the County to supplement the motion.

The County has now moved for summary judgment on the same

basis. The plaintiff opposes the motion on three grounds.[2] First, as a county of the Commonwealth of Virginia, the defendant cannot assert Eleventh Amendment sovereign immunity. Second, Congress abrogated state sovereign immunity under 11 U.S.C. § 106(a).[3] Third, Virginia waived sovereign immunity by filing a proof of claim.

**DISCUSSION**

The same defect that infected the County's earlier motion plagues the current one. The dispute centers on whether the County was acting as an agent or arm of Virginia when it received the Payments. The parties apparently agree that a county cannot ordinarily assert the defense of sovereign immunity, but Fairfax County may raise the defense if it was collecting the 2000 public service corporation taxes for Virginia rather than itself.

"Taxes can only be assessed, levied and collected in the manner prescribed by express statutory authority." Commonwealth v. P. Lorillard Co., 105 S.E. 683, 685 (Va. 1921); accord City of

---

[2] The plaintiff also argued that the motion for summary judgment was fatally defective because the defendant failed to submit a statement of undisputed facts, required by Local Bankruptcy Rule 7056-1, with its motion. In light of the disposition of the motion, it is unnecessary to reach this issue.

[3] The Supreme Court has granted certiorari to consider whether § 106(a) is unconstitutional. See Central Virginia Community College v. Katz, No. 04-885, 2005 WL 742622 (U.S. Apr. 4, 2005).

5

<u>Virginia Beach v. Int'l Family Entm't, Inc.</u>, 561 S.E.2d 696, 699 (Va. 2002); <u>Hampton Nissan Ltd. P'ship v. City of Hampton</u>, 466 S.E.2d 95, 97 (Va. 1996). The County has still not identified any statute (or regulation) that authorizes or directs the County to perform the tax collection service for the state. Nor has it shown that it transferred the Payments to the state treasury. In short, the evidence does not show that the County collected the taxes for the state.

The County's motion suffers from other defects as well. For example, the County claims that the smallest of the Payments in the sum of $7,126.89 is no longer in issue. The plaintiff's papers do not indicate, however, that she has withdrawn this aspect of the claim. In addition, although the largest of the Payments corresponds exactly to the 2000 assessment, the $30,056.77 payment does not correspond to anything. Although the County argues that this payment also relates to the 2000 taxes, it has not produced an assessment, a bill or any other proof that connects the payment to the 2000 taxes. And while the County's motion states that this payment covered "the balance of the taxes and penalties," (<u>see</u> <u>Affirmation *[sic]* in Further Support of the Prior Motion of Fairfax County, Virginia Seeking Dismissal of the Instant Adversary proceeding, With Prejudice</u>, dated Apr. 8, 2005, at ¶ 2 n.1)(ECF Doc. # 31), this statement is unsupported attorney hearsay.

6

The County's motion also includes a seeming inconsistency. In its earlier motion to dismiss, the County stated that "[u]nlike other businesses in Virginia, public service corporations are not subject to local personal property assessments normally imposed under Va. Code § 58.1-3500 et seq." (Motion and Memorandum of Law of Defendant County of Fairfax, Virginia in Support of Its Motion to Dismiss, dated Sept. 29, 2003, at 4)(ECF Doc. # 11.) This implied that only the state could assess <u>and collect</u> property-based taxes.

The plaintiff's opposition included a proof of claim filed by Arlington County, Virginia for what appeared to be 2001 business property taxes.[4] The County responded that the claim was filed by the Arlington County, not Virginia, and related to the payment of "its own locally assessed property taxes." (Reply of Defendant County of Fairfax, Virginia to Plaintiff's Objection to Defendant's Motion to Dismiss, dated Oct. 5, 2004, at 8)(ECF Doc. # 25.) This obviously contradicted the earlier statement that public service corporations were not subject to local property tax assessments. Moreover, a concession that another county assessed and sought to collect local property taxes bolsters the inference that the County

---

[4] A copy of the proof of claim is also attached to the plaintiff's opposition to the pending summary judgment motion. (See Plaintiff's Objection and Supporting Brief to County of Fairfax's Motion for Summary Judgment Based on Sovereign Immunity Defense and Request for Adjournment of the Motion *Sine Die*, dated June 8, 2005, Ex. A) (ECF Doc. # 33).

7

was doing the same in this case.

In conclusion, the County has failed to sustain its initial burden of showing that it is entitled to judgment as a matter of law dismissing the adversary proceeding on sovereign immunity grounds. In light of this conclusion, it is unnecessary to consider whether or to what extent the sovereign immunity defense is unavailable by virtue of the Bankruptcy Clause contained in Article I of the United States Constitution – the issue now before the United States Supreme Court – or whether the filing of the Arlington County claim resulted in a waiver of sovereign immunity.

The parties are directed to contact chambers to schedule a hearing at which time the Court will set the matter down for trial.

Dated:   New York, New York
         July 20, 2005

                                    /s/ *Stuart M. Bernstein*
                                    STUART M. BERNSTEIN
                                    Chief United States Bankruptcy Judge